384

THE STATE OF MONTANA, on the relation of the STATE
  HIGHWAY COMMISSION of the State of Montana, Re-
  lators, v. THE DISTRICT COURT of the State of Mon-
  tana, in and for the COUNTY OF LEWIS AND CLARK,
  anl the HONORABLE NAT ALLEN, District Judge, Re-
  spondents.

No. 11283.
Submitted April 10, 1967.   Decided April 28, 1967.
Rehearing denied May 17, 1967.
427 P.2d 49.

Daniel J. Sullivan (argued), Helena, Charles Secrest (ar-
gued), Helena, for relators.

Erickson & Richards, Helena, Jerrold R. Richards (argued), Helena, for respondents.

PER CURIAM:

Original proceeding. Relator State Highway Commission by its petition seeks an appropriate order to annul an order of the district court granting a motion for inspection under Rule 34, M.R.Civ.P. Following an ex parte hearing this court issued an alternative order to show cause and in response thereto respondents appeared by motion to quash and answer and return. Oral argument was had and the matter submitted.

It appears that a condemnation proceeding, being Cause No. 31003, is pending in the district court of the first judicial district of the State of Montana, in and for the County of Lewis and Clark, entitled The State of Montana, acting by and through the State Highway Commission of the State of Montana, plaintiff, v. Viola J. Scheewe, also known as Mrs. Kenneth Morgan, a woman; Robert W. Wegner and Mable Wegner; M. E. Strom; Martha Baer; Marilou Birkland; Reber Plumbing and Heating Company d/b/a Helena Sand and Gravel Company, Defendants.

In this action, written interrogatories were propounded by defendants Strom, Baer and Birkland and answers were made thereto by the plaintiff. It should be noted here that these named defendants are not the owners of the property in any sense other than as lessees, as will be later pointed out, of a building located on the property being condemned. Defendants Strom, Baer and Birkland also moved the court to require the plaintiff to produce its appraisals of the property involved. Plaintiff filed objections and following a hearing thereon the district court ordered that the plaintiff, relator here, produce the appraisals and in addition produce review appraisals which had not been requested.

Relator then sought relief by instituting this original proceeding, contending that the district court's order required the

production of irrelevant and privileged matter and was therefore in excess of the district court's jurisdiction; that it was not an appealable order, and that relator had no plain, speedy or adequate remedy at law.

Respondents contend that the petition of relator does not state facts authorizing the issuance of the alternative order. We disagree, and for that reason the motion to quash is denied. Rule 17, M.R.App.Civ.P.

While both relator and respondents contend that this proceeding raises certain issues with respect to Rule 34, M.R.Civ.P., we find it unnecessary to reach these issues because of the particular fact situation prevailing in this matter. As developed in the oral argument the moving defendants in the district court proceeding are lessees of a commercial building which, while located upon certain lots owned by the nonmoving defendants, is not being condemned. The proceeding affects only a strip of land in front of the commercial building. In its answers to the moving defendants' interrogatories the plaintiff stated that two appraisers had appraised the property sought to be acquired by the State of Montana and gave their names; further, that the appraisers had no opinion as to the depreciation and damages to the remainder of the property of the leasehold interests, and that each appraiser indicated no value as to leasehold interests. Such being the case we fail to see any purpose to be served by requiring the State of Montana to produce the appraisals and the court was in error in so ordering. The court likewise erred in requiring production of the review appraisals.

For these reasons it is ordered that the respondent district court annul and vacate its order granting the motion for inspection and that it make and enter an order denying the motion.